UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――X

ANN BURTON,

        Plaintiff,

  - against -

U.S. REGO PARK POSTAL SERVICE,

        Defendant.
―――――――――――――――――――――――――X

MEMORANDUM
AND ORDER
21-CV-6938 (LDH)

BRIAN M. COGAN, United States District Judge:

On December 13, 2021, plaintiff Ann Burton ("Burton"), proceeding *pro se,* filed this action against a post office located in Queens County, New York. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted, but for the reasons set forth below, the action is dismissed in its entirety.

## BACKGROUND

The following facts are taken from Plaintiff's brief complaint. Plaintiff, a resident of Florida, alleges that the defendant that the United States Postal Service's ("USPS") Rego Park Queens post office "failed and refused to honor [her] inquiries in re[gards] to her pension from 2010" and "failed to comply with U.S. Postal Service Retirement record keeping policies." She further alleges that she has reported defendant's alleged failures to the FBI and the New York City Police Department "which evoked an increase in domestic terrorism thr[ough] the present hypno (involuntary) sex slavery and kidnapping." She seeks "an order of protection from daily domestic terrorism" which, she alleges, includes fraud, forgery, damage of property and other "evil acts."

1

**Plaintiff's Litigation History**

Plaintiff is no stranger to this Court. In 2010-2011, she filed thirteen actions against her former employers, her union, an employment agency, and individuals associated with these defendants. *Burton v. Shinseki*, No. 10-cv-5318; *Burton v. American Federation of Government Employees et al.*, No. 11-cv-1416; *Burton v. Silvercrest Center for Nursing and Rehabilitation et al.*, No. 11-cv-1417; *Burton v. White Glove Placement, Inc. et al.*, No. 11-cv-1649; *Burton v. Shinseki et al.*, No. 11-cv-2030; *Burton v. Silvercrest Center for Nursing and Rehabilitation et al.*, No. 11-cv-2757; *Burton v. New York Police Department et al.,* No. 11-cv-4071; *Burton v. White Glove Placement, Inc. et al.,* No. 11-cv-4072; *Burton v. United Stated Equal Employment Opportunity Commission et al.,* No. 11-cv-4074*; Burton v. State Education Dept. et al.,* No. 11-cv-4218*; Burton v. N.Y.S. Department of Labor et al.,* No. 11-cv-4274*; Burton v. City of New York et al.,* No. 11-cv-5345*; Burton v. Civil Court of the City of New York et al.,* No. 11-cv-5606. Although the actions principally alleged employment discrimination, they also alleged that various individuals have entered her apartment, removed, and returned documents and other items, hacked her computer, and otherwise harassed her, allegedly in retaliation for previous complaints she had filed.

Recently, she has filed four actions, two of which also concerned her pension: an action against the Office of Personnel Management, a federal agency, concerning accounting and distribution of her pension account, *Burton v. Office of Pers. Mgmt.*, 21-cv-5323 (LDH)(filed Sept. 22, 2021); an action against the United States and hundreds of federal and state elected officials, *Burton v. USA,* 21-cv-6238 (LDH) (filed Nov. 1, 2021); and on December 7, 2021, two actions, one against a municipal court regarding her name change request, *Burton v. Civil Court of the City of New York,* 21-cv-6728 (LDH) (filed Dec. 7, 2021); and the other against another

2

federal agency, the Social Security Administration, regarding a records request, *Burton v. Social Security Administration,* 21-cv-6727 (LDH) (filed Dec. 7, 2021), seeking copies of her records.

## STANDARD OF REVIEW

A district court shall dismiss an *in forma pauperis* action where it is satisfied the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when "either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory*." Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). In addition, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms.*, S.À.R.L., 90 F.3d 411, 416–17 (2d Cir. 2015) (A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks he statutory or constitutional power to adjudicate it . . . .." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

In performing the review required under § 1915(e)(2)(B), this Court is mindful that "[ a] document filed *pro se* is to be liberally construed, ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers .... " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). A court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.

3

1999) (quoting *Burgos v. Hopkins*, 14 F.3d 878, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

## DISCUSSION

Plaintiff names an office of the USPS as the sole defendant to this lawsuit. Under the Postal Reorganization Act, 39 U.S.C. § 101*, et seq.*, the USPS is "an independent establishment of the executive branch of the Government of the United States." 39 U.S.C. § 201. Accordingly, the USPS, like the United States, has sovereign immunity from suit. *United States v. Bormes*, 568 U.S. 6, 10 (2012) ("Sovereign immunity shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.'") (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992)); *Dolan v. USPS*, 546 U.S. 481,484 (2006). "The doctrine of sovereign immunity is jurisdictional in nature, *see FDIC v. Meyer*, 510 U.S. 471, 475 (1994), and therefore, to prevail, the plaintiff bears the burden of establishing that her claims fall within an applicable waiver." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Nothing in her complaint suggests a claim for which the USPS's sovereign immunity is waived. Therefore, the complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Even if the Court had subject matter jurisdiction, some of plaintiff's allegations are "wholly incredible." *See Denton v. Hernandez*, 504 U.S. at 33. The allegations that she has been a victim of "sex slavery and kidnapping" appear particularly irrational. Second, even assuming that plaintiff had been the victim of such crimes, the complaint does not allege any facts to suggest that the USPS was in any way involved in such actions. Upon review of this action, this

4

Court has determined that it must be dismissed as frivolous. *Livingston v. Adirondack Beverage Co.,* 141 F.3d at 437.

## CONCLUSION

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction and as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). The Court has considered affording plaintiff a chance to amend the complaint, *see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), but declines to do so given plaintiff's litigation history and viewing such an opportunity as futile. A review of the complaint does not suggest that Burton has inadequately or inartfully pleaded any potentially viable claims.

Further, the Court warns plaintiff that it will not tolerate frivolous litigation and that if she persists in filing frivolous actions, the Court may enter an Order, after notice and an opportunity to be heard, barring the acceptance of any future complaint for filing without first obtaining leave of the Court to do so. 28 U.S.C. § 1651; *Iwachiw v. N.Y. State Dept of Motor Vehicles*, 396 F.3d at 529 (2d Cir. 2005); *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (per curiam) (a district court has the authority to issue a filing injunction when "a plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings.") (internal quotations and citations omitted).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to send a copy of this order to plaintiff by mail, and to note the mailing on the docket.

SO ORDERED.

Digitally signed by Brian M. Cogan

_____
BRIAN M. COGAN
United States District Judge

Dated: Brooklyn, New York
        April 12, 2022